## Case No. 15,542.

### UNITED STATES v. KOHNSTAMM.

[5 Blatchf. 222.] [1]

Circuit Court, S. D. New York. May 30, 1864.

CLAIMS AGAINST UNITED STATES — PRESENTING FALSE PAPER—CRIMINAL PROSECUTION.

1. Under the first section of the act of March 3, 1823 (3 Stat. 771), making it an offence to knowingly present a false paper in support of a claim against the United States, with intent to defraud the United States, it is not necessary that the claim should be one in favor of the person who presents the false claim in its support.

2. The repealing clause of the act of March 2, 1863 (12 Stat. 699), saves prosecutions for criminal offences committed under the said act of

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

March 3, 1823, previous to the passage of the act of 1863.

This was a motion in arrest of judgment. The defendant [Solomon Kohnstamm] was indicted and convicted, under the first section of the act of March 3, 1823 (3 Stat. 771), of the offence of presenting false papers to a disbursing officer of the government, in relation to an account or claim, with intent to defraud the government, knowing at the time, that the papers were false. The first count of the indictment charged, that the defendant, on the 1st of August, 1862, did transmit to and present at, and cause to be transmitted to and presented at, an office of the government of the United States, in the city of New York, called the "United States Mustering and Disbursing Office," a certain false writing, in relation to a claim then and there made by the defendant against the United States, namely, that the defendant was entitled to receive and collect from the United States the sum of thirteen hundred and sixty-six dollars, setting out in the indictment a copy of papers which purported to be a claim of one Louis Pfeffer against the government, for the subsistence and lodging of soldiers belonging to Company F, of Captain Steinel; and that the defendant knew, at the time, that the papers or writings were false. The second count was substantially like the first, except that it averred that the claim was for rations and lodgings furnished by Louis Pfeffer for recruits in the service of the United States. The third count was substantially like the second, except that the false writing charged was the certificate of Captain Steinel, certifying to the correctness of 'the account of Pfeffer for the subsistence and lodging of the soldiers.

Edwards Pierrepont, for the United States.
William M. Evarts and James T. Brady, for defendant.

NELSON, Circuit Justice. The act under which the defendant is indicted, so far as it is material to this motion, provides, that if any person or persons shall transmit or present to, or cause or procure to be transmitted or presented to, any officer or office of the government of the United States, any deed, &c., or other writing, in support of or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, &c., every such person, on conviction, shall be punished by imprisonment at hard labor, for not less than one year nor more than ten years.

It is insisted, on the part of the defendant, that the indictment is defective in this—that, in order to constitute the offence under the act of congress, it must appear that the defendant had a claim against the government, and that he presented the false writing or paper in support of or in relation to his own claim; whereas, the false writings set out in the several counts purport to be in support of, and in relation to, a claim not of the defendant, but of one Louis Pfeffer. It is also insisted, that the evidence conforms to this view of the claim. The precise averment in the several counts in the indictment is, that these false papers were presented in support of, and in relation to, a certain claim made by the defendant against the government, namely, that he was entitled to receive and collect from the United States the sum of $1,366. We are of opinion that this averment is sufficient. It will be seen, on reference to the act of congress, that the claim or account against the government need not be in favor of the party presenting the false writing in support of it. Indeed, in most of the cases which have come before me, and in which convictions have taken place, the accused were but the guilty agents of the parties in whose favor the claim or account was presented. The offence consists in presenting the false writing, in the language of the act "in support of, or in relation to, any account or claim, with intent to defraud the United States."

Another ground urged in arrest of judgment is, that the act of 1823, under which the indictment is found, has been repealed by the act of March 2, 1863 (12 Stat. 699). We agree, that this act provides for the same offence that is provided for in the act of 1823, and that, unless the offences committed under the earlier act, previous to the passage of the subsequent one, are saved by the terms of the repealing clause, they are discharged. Although that clause in the act of 1863 is not drawn with professional skill, or with knowledge of the legal distinctions between civil and criminal proceedings, and is open to the criticism of the learned counsel, yet we are of opinion that the meaning and intent of congress cannot well be mistaken. The clause saves not only suits and prosecutions pending, but "all rights of suit or prosecution, under any prior act of congress, on account of the doing or committing of any act hereby prohibited." This, we think, embraces offences that may have occurred under the act of 1823. Although that act is not referred to in terms, it is embraced in the description. The phraseology, "suit or prosecution," as used in the clause, was intended, as is apparent, to refer to and embrace both civil and criminal cases. The term "prosecution" is more usually applied, in legal language, to criminal than to civil proceedings. With better knowledge the clause could have been made more explicit and certain, but we cannot doubt as to the intent of it.

Motion denied.